MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2019 ME 127
Docket:        Cum-19-52
Submitted
  On Briefs:   July 18, 2019
Decided:       August 6, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

# IN RE CHILDREN OF PHILIP M.

PER CURIAM

[¶1]  Philip M. appeals from a judgment of the District Court (Portland, *Eggert, J.*) finding that his children are in circumstances of jeopardy to their health or welfare in his care.  *See* 22 M.R.S. §§ 4002(6), 4035(2) (2018).  He argues that the court violated his due process rights in entering the jeopardy order because the matter was initiated as a direct consequence of the failure of the Department of Health and Human Services to continue to pay for his family's temporary housing in a timely manner, which resulted in the father's arrest for criminal trespass.  He also contends that the court erred in finding that the children were in circumstances of jeopardy to their health or welfare.  We affirm the judgment.

[¶2]  In October 2018, the Department filed a petition for a child protection order and sought a preliminary protection order for the father's three children based on neglect by the father, who had been caring for the

children until he was arrested for criminal trespass, and by the mother, whose whereabouts are unknown. *See* 22 M.R.S. §§ 4032, 4034 (2018). The court (*Darvin, J.*) entered a preliminary protection order, and the children entered the Department's custody. 22 M.R.S. §§ 4034(2), 4036(1)(F) (2018).

[¶3] After an agreed to continuance, the father did not attend the rescheduled November summary preliminary hearing due to weather conditions, and the court (*Eggert, J.*) scheduled a case management conference to be held in early December. *See id.* § 4034(4). At the case management conference, the parties were unable to reach an agreement, and the court (*Powers, J.*) scheduled a contested jeopardy hearing for January 2019. *See* 22 M.R.S. § 4035 (2018).

[¶4] The court (*Eggert, J.*) held a two-day jeopardy hearing as scheduled. The father was present and was represented by counsel. The guardian ad litem was present and participated in the hearing.

[¶5] Based on the evidence presented, the court entered an order finding that the children were in circumstances of jeopardy to their health or welfare. *Id.* §§ 4002(6), 4035(2). The court reached the following findings, all of which are supported by competent evidence in the record:

> Father has been unable to provide a stable, consistent living situation for the three children. The reason for that is his erratic

and explosive behavior when he is confronted with situations which he does not control require[s] him to leave present living situations and move on to another. He does not appear to have had an[y] gainful employment recently. He has been living in an apartment for the past two months without the children, but the rent for January 2019 is not paid and it is unclear if he will be able to remain in that apartment.

Father has used excessive physical discipline with the children. Father has been emotionally abusive to the children. The children claim some food insecurity in their travels and [the middle child] was shoplifting to obtain money for food while in [another state].

The court ordered the Department to engage in reunification efforts with the father and ordered the father to participate in identified services, obtain stable housing, and continue to visit with the children as scheduled to facilitate a permanency plan of family reunification. The father timely appealed from this judgment. *See* 22 M.R.S. § 4006 (2018); M.R. App. P. 2A, 2B(c)(1).

[¶6] The father's primary contention is that the children would not have been removed from his care if not for the Department's failure to continue the payments for his family's temporary housing as he expected, resulting in his arrest for criminal trespass when he failed to leave the housing previously paid for by the Department. The court was required by statute to consider the circumstances that led to the children's removal from the father's care, and all other relevant evidence, to reach findings regarding the existence of jeopardy as of the date of the jeopardy hearing. *See* 22 M.R.S. § 4035(2).

4

[¶7] At the trial, the Department caseworker and the father both testified that there had been confusion surrounding whether the family could remain in the temporary housing at a hotel. The caseworker agreed that a delay in the approval of a second day's hotel payment resulted in the father being asked by hotel staff to leave the hotel with his children at the check-out time. However, there is also evidence that, after the hotel called the police for assistance in asking the father to leave the hotel, the father's belligerence and ultimate challenge to the police officer—"go ahead and arrest me"—exacerbated the problem. The father was arrested for criminal trespass and spent three days in jail, though the charge was, ultimately, not prosecuted. This evidence supports the court's finding that the father's volatility when he faces a situation that he does not control contributes to his family's inability to retain stable housing.

[¶8] Thus, although the father is correct that the Department's delay in payment contributed to the confusing situation,[1] the circumstances upon which the court based its finding of jeopardy are well supported in the record. Specifically, the court found jeopardy based on the father's physical and emotional mistreatment of the children; his chronic volatility, including "erratic

---

[1] The Department supervisor testified that she "felt badly about" the events that transpired on the day of the father's arrest.

and explosive behavior," resulting in unstable housing for the children; and the children's need to have a stable home and stop moving from place to place. In support of these findings, the record contained evidence that the father moved with the children many times and across multiple states; that the father had disputes, with a roommate, neighbors, shelter residents, and others, that repeatedly led the family to leave housing; that the children therefore attended a different school every year of their lives and sometimes lived in a vehicle; and that the children feared the father's emotional volatility and physical violence toward them.[2]

[¶9]  The father, represented by counsel, received notice of the jeopardy hearing and had the opportunity to be heard about the events that brought the children into the custody of the Department and about all other facts pertaining to the health and welfare of the children. *See In re Emma B.*, 2017 ME 187, ¶ 21, 169 A.3d 945.  Only after a trial that satisfied these dictates of due process did the court reach findings of jeopardy.  The court did not violate principles of due process and did not err in finding an existing threat of serious harm to the

---

[2] Some of the father's arguments focus on the weight and meaning of other evidence presented at trial, some of which was unrelated to the bases for the court's finding of jeopardy.  To the extent that any evidence conflicted with the court's findings of fact, however, we defer to the court's determination of the weight and credibility of the evidence. *See In re Child of Dawn B.*, 2019 ME 93, ¶ 10, --- A.3d ---.

children that necessitated the entry of a jeopardy order to protect the children's health and welfare while the father participates in rehabilitation and reunification services, with the assistance of the Department, as he endeavors to alleviate the circumstances of jeopardy. *See* 22 M.R.S. §§ 4002(6)(A), (10), 4035(2), 4041 (2018); *In re Emma B.*, 2017 ME 187, ¶ 21, 169 A.3d 945.

The entry is:

Judgment affirmed.

---

James S. Hewes, Esq., South Portland, for appellant father

Aaron M. Frey, Attorney General, and Zack Paakkonen, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Portland District Court docket number PC-2018-71
FOR CLERK REFERENCE ONLY